| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>MELVIN SMITH,<br><br>                          Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK AND NEW YORK CITY DEPARTMENT OF CORRECTIONS,<br><br>                         Defendants.<br>------------------------------------------------------------------------X | Index No.: 2015 CV 6441<br>(Jury Demanded)<br><br><br><br>**SECOND VERIFIED AMENDED COMPLAINT** |

## INTRODUCTORY STATEMENT

1.    This is an action for damages sustained by plaintiff MELVIN SMITH, (hereinafter referred to as MELVIN, claimant and/or plaintiff) and against the CITY of NEW YORK (hereinafter referred to as the CITY and/or defendant), the NEW YORK DEPARTMENT OF CORRECTIONS. The CITY, as the supervisory body/entity responsible for the conduct of the NEW YORK CITY DEPARTMENT OF CORRECTIONS (hereinafter referred to as CORRECTIONS, CORRECTION, DEPT. OF CORRECTIONS, or defendant) said defendants are sued for their failure to take corrective action with respect to CORRECTIONS personnel and for their failure to act, whose propensities and attitude toward inmates is notorious, for failure to assure proper training and supervision of their personnel, or to implement meaningful procedures to discourage lawless official conduct, same which is/are sued as a "person" under Title 42 USC 1983; for their actions of the CITY/CORRECTIONS, and/or in continuing to prosecute/hold MELVIN SMITH, in custody after a JURY TRIAL on July 24, 2014 until August 15, 2014 his acquittal amounting to "malicious prosecution;" in failure to prosecute and/or investigate a case against the said defendants CITY, CORRECTIONS, their supervisors, correction officers and/or personnel who wrongfully refused to transport the plaintiff SMITH from a City Correction

1

building/prison on Riker's Island to the Parole facility on Riker's Island for 17 days after his acquittal despite the fact that CORRECTIONS buses circulate around Riker's Island continuously throughout the day and Parole has a building on Riker's Island. Defendants' failure to remedy the severe penalties/ conditions promulgated against plaintiff including the refusal to transport him to Parole which in effect resulted to an illegal arrest, to him being illegally detained, and falsely imprisoned. The subsequent false arrest, detention and false imprisonment of MELVIN SMITH even though there was a jury trial verdict of an acquittal and CORRECTION had knowledge that his criminal case was dismissed! There was a New York State Parole "hold" and that if only he was transported to Parole located on Riker's Island he would have been released. Defendants' blatant failure to investigate or prosecute and/or remedy this illegal detention and false imprisonment; including but not limited to the fact that the CITY facility on Riker's Island maintained by CORRECTIONS did nothing meaningful to investigate the complaints of the plaintiff herein including to refer plaintiff/claimant to a proper authority particularly in regard to his illegal detention which resulted in his false imprisonment and mental and emotional distress to the plaintiff. Plaintiff seeks recovery for emotional distress and for his aforesaid damages arising out of but not limited to his illegal false arrest, detention and false imprisonment of more than 17 days, attorney's fees, court costs and the like. Defendant CITY and CORRECTIONS are named for and their negligence in holding the plaintiff MELVIN SMITH for 17 days and are named for the continued "malicious prosecution" of the plaintiff and their/its negligence in "prosecuting" the defendant MELVIN SMITH, and negligent failure to monitor their respective staffs, employees and others including Correction personnel employed by said defendants. The defendant CITY is also named for the intolerable conditions for which MELVIN SMITH had to endure at the hands of the New York City Dept. of Corrections,

hereinafter referred to as CORRECTIONS, since plaintiff was held in their facilities under their auspices pursuant to the aforementioned false imprisonment for more than 17 days after acquittal, during which time he suffered numerous instances where he was subjected to ridicule and coercive tactics against his person and he was injured in that he suffered mental and emotional distress and trauma.

2. Through defendants' negligence and/or their negligent failure to act and/or as to the CITY and/or CORRECTIONS to take reasonable and prudent steps required since on or about July 24, 2014. Plaintiff was subjected to false imprisonment and continued "malicious prosecution" including the failure to transport him a ¼ mile on the CORRECTION bus that regularly conducts a circular route around Riker's Island and stops at every facility and there is a specific stop at Parole! All they had to do is transport him from his cell to Parole on the bus.

## JURISDICTION

3. This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, Sixth and Eighth Amendments of the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters and the like.

## PARTIES

4. At all times relevant to the allegations of this complaint, plaintiff MELVIN SMITH is an individual residing at 541 West 142nd Street, Apt. 52, New York, NY 10031, which is in the Eastern District of New York. That at all times hereinafter mentioned, the defendants, CITY, N.Y.P.D., and NYC DEPT. OF CORRECTIONS was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

5. That CORRECTIONS is on information and belief owned, operated and/or subject to directives of the defendant CITY as are their supervisors, employees, corrections officers, and personnel.

6. At all times relevant, defendant CORRECTIONS is a municipal corporation(s) or entity duly formed under the laws of New York State, and/or an agency, subdivision, department, of the defendant CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York and was the employer and supervisor of defendant CORRECTIONS supervisory staff and/or officers and/or personnel and staff. As such, it (CORRECTIONS, CITY) was/were responsible for training, supervision and conduct by said defendants' and employees was/have also responsible, under law, for enforcing the regulations of CORRECTIONS and/or New York City and for ensuring that CITY, CORRECTIONS, and/or supervisory staff, and personnel, as well as correction officers in the employ of the CORRECTIONS obey the laws of the State of New York and of the United States and prosecute and enforce said laws.

7. That at all times relevant to this complaint, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and CORRECTIONS in the Borough of Queens, City and State of New York; and was/were responsible for operating/controlling: jails, courts, and/or their personal employees, correction officers, and responsible for inmates in said jails.

8. At all times relevant, defendant CORRECTION employees, supervisory personnel and the like, here specifically Riker's Island supervisors and/or personnel at Riker's Island, including but not limited to supervisors, the correction officers, and/or staff, whose identities are presently unknown to plaintiff and/or are on information and belief were CORRECTION personnel, staff,

4

and/or officers employed by CORRECTIONS and/or by New York City Correction Department, to perform duties in the CITY OF NEW YORK and elsewhere. At all times relevant, said defendants' employees above-noted were acting in the capacity of agents, servants and employees of defendant CITY OF NEW YORK/CORRECTIONS.

9.     FACTUAL ALLEGATIONS

A.     That as stated in the original complaint CORRECTIONS is/are on information and belief owned, operated and/or subject to directives of the defendant CITY. That on or about 5/16/12 the plaintiff MELVIN SMITH was in a public park in Queens County New York with friends playing basketball and sitting and talking with friends. He had been driven there by his friend Ucef. At approximately 9:30 PM police officers chased an African American man through the park, dressed in all black, who got away. The police officers initially inquired of plaintiff and his friends where the "perp" went and the plaintiff and his friends indicated they didn't know. Then the police officers approached plaintiff, asked for his ID and because he was "from Brooklyn" they took him to the crime scene forcibly by handcuffing him even though the police officers indicated that the plaintiff "wasn't under arrest". Apparently there had been a "home invasion" nearby. The plaintiff was brought to a house where there had been a "home invasion and robbery". A female victim was asked if she could identify him and she indicated "I don't know all I can tell you is that he had on all black. I am not sure." The plaintiff had "black jeans and a black and white striped shirt". This ID/ "show-up" was conducted when plaintiff was standing in the middle of the street and thereafter again in a police car and standing next to 6 cops and no other male was present that wasn't in uniform. The plaintiff was taken to the 103rd Precinct, questioned without a lawyer, fingerprinted, photographed and kept in a holding cell and then brought for arraignment a day and a half later. The judge remanded him and he was thereafter housed under the auspices of the NEW YORK CITY DEPT. OF CORRECTIONS, hereinafter referred to as CORRECTIONS at VCBC or on "the boat" which is a barge maintained by CORRECTIONS in the water but tied up to Bronx County. Plaintiff was incarcerated on the boat/ VCBC from May 2012 until January 2013, Then he was transferred to Rikers Island. His case did not go before the Grand Jury until 10/10/12 even though he was arrested in May. During that time he was harassed by Corrections officers and not permitted to be released on bail or under "special custody" even when his grandmother passed away or when his girlfriend had a miscarriage.

B.     The facts surrounding the improper grand jury presentment by HON. RICHARD BROWN and/or the QUEENS COUNTY DISTRICT ATTORNEY'S OFFICE are as follows: The Grand Jury voted no true bill after Plaintiff testified before the Queens County Grand Jury. However, the QUEENS DISTRICT ATTORNEY, improperly and in contradiction of law re-presented the case to the Queens Grand Jury even though there had been a vote of no true bill, without seeking permission of the court or without making a formal legally proper re-presentment to the Grand Jury under the auspices of the court and with due notice to the plaintiff and his attorney affording the plaintiff an opportunity to testify again before the Grand Jury or his attorney to file a motion to stay on what amounted to newly indicted charges against the plaintiff that were not initially presented to the First Grand Jury when Plaintiff first testified. On

5

information and belief, based in part on the fact that the plaintiff eventually prevailed on this matter when he was represented by counsel who he had privately retained and paid for Kenneth Linn, Esq., at Jury Trial. The Grand Jury of Queens County was improperly/negligently presented by the District Attorney of Queens County with information about the alleged crimes allegedly perpetrated by the plaintiff that included in effect for the first time an allegation of assault on plaintiff's part when he was never present at the crime scene and there was a blatant lack of evidence or facts to base the indictment on. The negligent malicious prosecution before the Grand Jury and thereafter, where there were not sufficient facts or evidence to indict the plaintiff and/or to prosecute him. The one eyewitness could not identify him. That when the plaintiff was illegally arrested in a park close by the scene of the alleged crimes he had no contraband e.g. a weapon, burglar's tools or proceeds of a crime on his person when arrested, made no effort to escape, presented a valid ID and had two witnesses present next to him that were alibi witnesses that were negligently never interviewed by the police and/or the DISTRICT ATTORNEY'S OFFICE QUEENS COUNTY.

C..    The plaintiff was held against his will in facilities maintained by the defendant CITY'S DEPT. OF CORRECTIONS from the date of his arrest May 16, 2012 until after he was finally acquitted on July 25, 2014 and finally released on August 15, 2014. The trial jury had acquitted the plaintiff on all charges on July 25, 2014. Therefore, the plaintiff was incarcerated from 5/16/12 to 8/15/14 or 27 months! The plaintiff was initially arrested on Docket no. 2012QNO27234. He was initially charged with 27 separate felony counts and 2 misdemeanors all of which were dismissed at trial on Indict no. 02644-2012 and the jury verdict of not guilty.

D.    Prior to the trial plaintiff's defense counsel challenged the "show ups" of the plaintiff since they occurred when he was in handcuffs next to and then when in a police car and one or more of six "victims" were all shown the defendant while he was handcuffed in a police car surrounded by police officers. That the police officers at hearing described the situation surrounding the show up and plaintiff's arrest as "a chaotic scene", Officer Conde page 55, line 4 and at line 17-19, the same witness admitted that he "tackled" the plaintiff when arresting him at a pre-trial hearing 3/25/13 before Hon. Just. Lasak.

E.    That on or about 5/16/12 the plaintiff MELVIN SMITH was falsely arrested/accused of being allegedly involved in a "home invasion" and assault and was falsely charged by the Queens County District Attorney's office and improperly filed a criminal court complaint against MELVIN SMITH, Docket no. 2012QNO27234 and on Indict no. 02644-2012 for 60 felony counts and 4 misdemeanor counts which were all dismissed at trial by the jury. Said criminal court complaint was based on the fraudulent complaints/accusations of the said police officers and the NYPD, MELVIN was vindictively assaulted by one or more NYPD police officers, specifically OFFICER CONDE and subjected to the excessive use of force by same and then illegally detained and then falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely imprisoned as per the request of the defendants' CITY/NYPD and/or their police officers and personnel as denoted herein. The plaintiff was further charged in criminal cases prepared and filed by the District Attorney of Queens County, by the HON. RICHARD BROWN, DISTRICT ATTORNEY OF QUEENS COUNTY in the Criminal Court of the City of New York, specifically on Docket No. 2012QNO27234, Queens County on the aforementioned felonies and misdemeanors; on information and belief commanding officers or other NYPD personnel at the precinct negligently made a decision to hold and charge the said Plaintiff MELVIN. Said criminal complaints were filed on or about 5/16/12. That the initial illegal and/or false arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges was on or about 5/16/12 based

6

on the egregious false arrest and the assault and battery and excessive force upon his person by a police officer who tackled him. Said arrest resulted in the intentioned illegal detention/ false imprisonment and/or false arrest and subsequent arraignments and malicious prosecution of Plaintiff MELVIN on criminal charges; the malicious prosecution initially at the request of the NYPD personnel in Criminal Court, Queens County at the behest and request of the defendant police officers and/or the NYPD's negligent supervision including the decision to arraign and prosecute the plaintiff MELVIN on false criminal charges. Ultimately those charges were dismissed by jury verdict in his exoneration on or about 7/25/14 when the charges against MELVIN SMITH were dismissed. That the indictment against the plaintiff that he was tried upon was improperly presented and filed by THE DISTRICT ATTORNEY OF QUEENS COUNTY and maliciously prosecuted by the HON. RICHARD BROWN, DISTRICT ATTORNEY OF QUEENS COUNTY.

F. The Plaintiff MELVIN as a result of said intentional and/or negligent acts of defendants was initially assaulted without provocation when he was first arrested and then illegally detained, falsely accused, falsely arrested, imprisoned, and subjected to intolerable conditions and unacceptable behavior of those who held him in custody, hereby the DEPT. OF CORRECTIONS OF THE CITY OF NEW YORK, other intentional and/or negligent acts of defendants and/or on the part of the defendants included but were not limited to lengthy and intolerable interrogations and being forcibly held and falsely imprisoned for approximately 27 months. Plaintiff was the subject of malicious prosecution including the continuous adjournments at the behest of the DISTRICT ATTORNEY and the POLICE which increased legal fees for his defense and resulted in his continued incarceration for 27 months.

G. The Plaintiff suffered from the said acts of defendants and/or failure to act including physical injuries and extreme mental and emotional distress. The plaintiff was publicly humiliated, physically assaulted and/or abused by the police and arresting officers and by CORRECTIONS officers and staff; specifically POLICE OFFICER CONDE admitted under oath that he "tackled" the plaintiff! One or more police officers struck MELVIN while another police officer held his from behind and thereafter MELVIN was thrown to the ground, picked up and shoved into the police car even though and many bystanders explained vehemently to the police officers that he was innocent of any wrongdoing and had not violated any law or ordinance and that the defendant police officers' actions were unwarranted and uncalled for and amounted to excessive force! This all occurred in the County of Queens, City, and State of New York, which is in the Eastern District of New York and was witnessed by bystanders. The Plaintiff immediately became ill and remained in an infirm state and having been assaulted and otherwise was physically abused while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff was forced to incur legal and medical expenses and the like.

10. On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments (NYPD and CORRECTIONS) and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly affect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff MELVIN and/or CORRECTIONS officers who harassed and/or assaulted plaintiff while he was

7

incarcerated. The said negligence of the CITY and/or CORRECTIONS contributed to and/or is responsible for false imprisonment of plaintiff, false arrest, illegal detainment and other torts that occurred and the continued malicious prosecution and mistreatment of the plaintiff and the continued malicious prosecution of the plaintiff including but not limited to the policy of not releasing inmates timely.

11. On information and belief defendants, CITY and/or CORRECTIONS negligently failed to train, supervise, or provide correction officers, personnel and/or superiors to supervise and/or control the administration of justice. That as a result of the said negligence the plaintiff suffered.

12. Plaintiff was needlessly falsely arrested and imprisoned and maliciously prosecuted.

13. That the Plaintiff MELVIN was held as a prisoner against his will in detention, negligently mistreated in Riker's Island where CORRECTIONS administers cells, jails, and prisons for approximately 17 days and was effectively prevented from enjoying his freedom and the companionship of friends and family. The plaintiff MELVIN was severely depressed and needed medical attention from the continuous false imprisonment. Plaintiff was traumatized emotionally and physically and emotionally injured. On information and belief the plaintiff was emotionally affected by the said unconscionable 17 additional days of imprisonment.

14. On information and belief the actions of the defendants CORRECTIONS were intentionally done to harass and annoy and interfere with the plaintiff MELVIN and to punish him in violation of his Constitutional rights. Said actions were unconscionable and violated the plaintiff's constitutional rights to due process under the United States, 1st, 4th, 6th and 14th amendments and New York State Constitutions. The egregious false imprisonment which caused plaintiff illegal detention for 17 days, to a false arrest, and false imprisonment and malicious prosecution and violated his constitutional rights under the New York State and Federal

Constitutions including but not limited to his right to due process of the law under the 14th Amendment of the United States Constitution and to be free from cruel and unusual punishments.

15. The said defendants are liable for the intentional torts denoted in this complaint; their negligence for false arrest, false imprisonment, intentional infliction of mental distress and for prima facie tort in that there was the deliberate refusal to release defendant despite and notice of his acquittal for a jury trial and/or deliberate failure to investigate, amounting to malicious prosecution; On information and belief there was a deliberate refusal to transport Plaintiff inmate from one building on Riker's Island to another so Plaintiff could be released from an alleged parole hold said failure to transport Plaintiff to the NYS Parole facility located on Rikers Island only a ¼ mile bus ride resulted in failure to timely release plaintiff. The said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or are liable for fraud, false arrest, false imprisonment, malicious prosecution and all other claims denoted in the initial notice of claim that is incorporated in the instant complaint.

16. That said false arrest, false imprisonment and malicious prosecution of the Plaintiff was void on its face and/or became obvious when evidence was obtained by defendants of Plaintiff's acquittal, exonerating the plaintiff and Defendants refused to transport Plaintiff to Parole building on Riker's Island despite that they were on "actual and constructive" notice and because of their failure Plaintiff spent an additional 17 days in Riker's Island.

17. That on information and belief the defendants CITY and/or CORRECTIONS fraudulently and/or knowingly refused to transport the Plaintiff. Said transport would have resulted in the prompt lift of the "parole hold" charges and reinstatement of his rights and his freedom and release; that the said knowing and fraudulent actions by the defendants in the

continued false and illegal detention of the Plaintiff resulted in the loss of his freedom and resulted in the mental, and emotional distress to the plaintiff. Said acts of the defendants and/or other acts noted herein establishes defendants' liability for fraud and negligence.

18. That the foregoing acts of the defendants negatively affected the mental state of the Plaintiff and caused him emotional disturbance and distress.

19. That plaintiff was held in custody in a jail(s) maintained by the defendant(s) CITY, and the DEPT. OF CORRECTIONS without justification after his acquittal for 17 days.

20. That as a result of the foregoing acts of the defendants the Plaintiff MELVIN and/or his family were compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiff, and will continue to be obligated for legal expenses in the future. Plaintiff retained Kenneth Linn, Esq. to represent MELVIN in his criminal defense and/or to obtain his release.

21. That a notice of claim and/or notice of intention to sue was duly served upon the defendants within 90 days after the said cause of action of the plaintiff "accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, AND DISTRICT ATTORNEY OF QUEENS COUNTY as follows:
> 1. The name and address of each claimant and claimant's attorney is:
>
> MELVIN SMITH
> 541 West 142nd Street, Apt. 52
> New York, NY 10031
>
> STUART R. SHAW, ESQ.
> 30 West 95th Street
> New York, N.Y. 10025
>
> 2. The nature of the claim: The claimant was falsely arrested/accused of being involved in a robbery/grand larceny/possession of a weapon and/or reckless

endangerment etc. etc. by the police and District Attorney, specifically Indictment No. 2644/2012, Queens County, Indictment on or about 10/10/12. That the initial illegal arrest and imprisonment of the Claimant on the aforementioned false charges was on or about 5/16/12; that the Claimant was falsely arrested, accused, imprisoned, and subjected to intolerable conditions and unacceptable behavior on the part of the defendants including but not limited to lengthy and intolerable interrogations.

*The Claimant not only was falsely arrested and accused by the N.Y.P.D. but he was maliciously prosecuted after being held against his will for 2 years. And a Criminal Court complaint was filed by the Queens County District Attorney and/or the N.Y.P.D. and thereafter MELVIN SMITH was indicted despite the aforementioned negligent actions of the N.Y.P.D. and Queens County District Attorney. On or about 10/10/12, the District Attorney's office of Queens County presented before indictment before the Queens Grand Jury the case of the claimant. The Grand Jury initially on that date voted "no true bill" and this was reported to the judge presiding over the Grand Jury. However, on the following day the bailiff for the Grand Jury negligently informed the grand jurors that they had to unanimously vote "no true bill," which is not the law. The Grand Jurors then on the faulty instructions of the presiding judge and the negligently faulty presentment by the District Attorney's office Queens County, voted a true bill! This is against the criminal procedure law of New York State and the caselaw, People v. Cade, People v. Wilkerson and their progeny, since the District Attorney had to re-present the case after the initial vote of the Grand jury as a matter of law and had to at the very least bring a superceding indictment and this could only be done with the permission of the presiding judge, in effect claimant was subjected to Double Jeopardy and all of said negligent acts constitute malicious prosecution which continued through the trial of the case which began on or about July 9, 2014 and ended on or about July 24, 2014 when the claimant was acquitted of all charges by the jury. Plaintiff was falsely imprisoned for approximately 2 years!

That on information and belief the Defendant N. Y. P. D. it's police officers, detectives, agents in the likes, and/or the Defendant District Attorneys' office had information that this Claimant was innocent and not involved in the crimes that he was charged with, but intentionally withheld information from the court, the claimant, and his defense attorneys that would have exonerated the Claimant and/or should have resulted in his release on his own recognizance and/or a reasonable and/or low bail. That on information and belief the Police and/or District Attorney's office did everything possible to prevent this Claimant from being released and/or that the charges be dropped against him; that on information and belief the Defendants N.Y.P.D and/or District Attorney intentionally did the aforementioned acts to keep the Claimant in jail with the hope that the Claimant allegedly could provide some incriminating information against the so-called real perpetrators; that no information or pleading of any type was properly filed by the Defendants to hold this Claimant as a material witness; that the Claimant was held as a prisoner against his will in jail for over 2 years

and was earning his livelihood since he was gainfully employed at the time of his illegal and false arrest etc., etc.

  Claimant's constitutional rights were violated under the NYS and US Constitutions including but not limited to under the first, sixth and fourteenth amendments, Title 42 USC 1983. Claimant's computation of time by the NYC Dept. of Corrections and/or District Attorney's office and Police were negligently calculated and claimant was held approximately an additional 14 days on Rikers Island beyond the time period that should have been calculated for his release since the computation for allegedly owed time for a parole violation was not properly computed.

3. The time when, the place where and the manner in which the claim arose: see above

4. The items of damage or injuries claimed are (include dollar amounts) see above numbers 1, 2 & 3:

  1. Negligence
  2. False arrest
  3. False Imprisonment
  4. Intentional infliction of mental distress
  5. Prima facie tort
  6. Fraud
  7. Claimant's constitutional rights under the NYS and US Constitutions including but not limited to under the first, sixth and fourteenth amendments, Title 42 USC 1983
  8. Malicious Prosecution
  9. Punitive and Compensatory Damages
  10. Attorneys fees for successful defense of criminal case plus disbursements and expenses

The Claimant suffered mental and emotional distress, the claimant was physically, assaulted and/or abused by inmates and/or guards. The Claimant became ill while incarcerated and was not afforded adequate medical attention and/or treatment. Claimant was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. Claimant now has a record of an arrest and this may interfere with any subsequent application for employment, the claimant was forced to incur legal and medical expenses and the like etc., etc.

AMOUNT CLAIMED: $1,000,000.00 against each defendant on each cause of action 1-8, Punitive Damages $1,000,000.00 against each Defendant, Compensatory Damages $1,000,000.00 against each Defendant, and Attorneys fees for successful defense of criminal case $25,000.00 plus disbursements and expenses.

TOTAL AMOUNT CLAIMED: $28,000,000.00 plus attorneys fees for $25,000.00, court costs and disbursements."

22. That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant.

23. That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

24. That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail, the plaintiff purchased the summons on or about 11/6/15 and served all of the defendants.

25. The defendants conducted a complete 50H deposition on 8/12/15 of plaintiff under Claim no. 2014PI029170 and the plaintiff provided the City with a copy of the certificate of disposition dated 7/31/14.

26. That at all times relevant to this complaint, or from on or about 5/16/12 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and/or the DEPT. OF CORRECTIONS in Queens County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, and/or their personal employees, and etc. etc.

27. As a result of his treatment at the hands of the defendants', plaintiff MELVIN SMITH suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, and the like.

28. Plaintiff's causes of action for false imprisonment and illegal detention also include the dates from July 25, 2014 when he was acquitted of all charges after a jury trial until the date of his release August 15, 2014 which resulted in additional 21 days of incarceration. That was unconscionable and uncalled for. The plaintiff should have been released on his own

recognizance after the acquittal by the jury. The causes of action for false imprisonment and illegal detention and for malicious prosecution run through the release date since it was the actions of the NEW YORK CITY DEPT. OF CORRECTIONS that perpetuated tortuous false imprisonment of the plaintiff through August 15, 2014 and in effect negligently continued the malicious prosecution by the defendants through that date by defendants, providing additional indicia for plaintiff's causes of action for compensatory and punitive damages.

29. Upon information and belief, the abuse to which the plaintiff was subjected was consistent with institutionalized practices of the CITY OF NEW YORK and the NYC DEPT. OF CORRECTIONS, which was known to and ratified by defendant CITY OF NEW YORK, said defendants having at no time taken any effective action to prevent CORRECTIONS and/or CORRECTIONS personnel from continuing to engage in such misconduct that being their refusal to transport acquitted defendants and/or defendants where sentences have been completed to Parole when from prior experience defendants know that Parole up for release after they have served their sentence.

30. Upon information and belief, defendants CITY OF NEW YORK and/or CORRECTIONS had prior notice of the propensities of defendant CORRECTIONS personnel and/or CORRECTIONS officers and/or lack of training, but took no steps to train him, correct their abuse of authority or to discourage their unlawful use of authority in refusal to transport acquitted prisoner and/or prisoners where the sentence has been served and handed them over to Parole. The failure to properly train said defendants' officers and staff included lack of instruction as to the proper procedure to protect citizens who are arrested and/or incarcerated during law enforcement and criminal prosecutions setting up a proper procedure to release

14

inmates acquitted and/or when their sentences "were up"/complete and/or where prisoners are acquitted.

31. Upon information and belief, defendants CITY OF NEW YORK and/or CORRECTIONS authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control CORRECTIONS employees, supervisors, and supervisory staff of correction officers including those posted/hired/in charge of releasing inmates where their sentence "was up"/ completed and/or where they are acquitted (b) failing to take adequate precautions in the hiring, promotion and retention of CORRECTIONS officers and/or CORRECTIONS personnel, including specifically defendant CORRECTIONS supervisors referred to herein and/or correction officers stationed at Riker's Island; (c) failing to design and operate an efficient program or set up a protocol to release prisoners on time and/or that would adequately investigate claims by criminal defendants and their counsel, here specifically the plaintiff as to failure to timely release and/or transport them to NYS Parole; and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints about NYPD/CORRECTIONS supervisors or employees and/or police/ CORRECTIONS misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiff supported by others and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to gain his freedom and established his innocence. This conduct also constitutes negligence and/or gross negligence under state law.

32. The City of New York negligently (a) failed to adequately investigate claims by criminal defendants and their counsel, here specifically the plaintiff of untimely release; and (b) failing to

15

establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of untimely release of inmates and/or their timely transfer to Parole.

33. As set forth in the notice of claim, MELVIN SMITH 's injuries resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or employees of defendants CITY and CORRECTIONS.

34. From that time plaintiff was maliciously prosecuted and imprisoned 5/16/12 until the jury verdict found him not guilty on July 25, 2014 yet he was kept imprisoned by defendants in facilities operated by CORRECTIONS until August 15, 2014.

35. The incident which gave rise to plaintiff's claim initially occurred on 5/16/12 and continued until his release in August 15, 2014.

## FEDERAL CAUSES OF ACTION

36. Each and every allegation set forth in Paragraphs "1" through "35" is incorporated herein by reference.

37. The above described actions and omissions, engaged in under color of state authority by defendants, including defendants CITY, NYPD, HON. RICHARD BROWN, DISTRICT ATTORNEYS OFFICE QUEENS COUNTY, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws, and his 6th Amendment right to a fair trial.

16

## ATTORNEYS' FEES AND JURY TRIAL

38. Plaintiff is entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988 (b); 42 U.S.C. 1983. Plaintiff requests a trial by jury.

**WHEREFORE**, plaintiff individually demand the following relief, jointly and severally, against all the defendants: One million ($1,000,000.00) dollars against each defendant in negligence for false arrest, false imprisonment, fraud, intentional infliction of mental distress, Prima facie tort, Abuse of Process, malicious prosecution , in favor of plaintiff against each individual defendant; Punitive Damages One million ($1,000,000.00) against each Defendant, Compensatory Damages One million ($1,000,000.00) against each Defendant.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Malicious Prosecution
9. Punitive damages
10. Compensatory damages

TOTAL AMOUNT CLAIMED: $20,000,000.00

A. Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($1,000,000.00) dollars.
B. Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;
C. Punitive damages in the amount of One Million Dollars against each defendant;
D. Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and
E. For such other and further relief as to the Court deems just and proper.

DATED:	New York, New York
	June 14, 2016

17

                                                Law Offices of Stuart R. Shaw,

By: _____
                                            Attorney for Plaintiff SMITH
                                            30 West 95th Street, 1st Fl
                                            New York, NY 10025
                                            (212) 661-6750
                                            (212) 661-6594 FX

To:    Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the City of New York
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

NEW YORK CITY DEPARTMENT OF CORRECTION
75-20 Astoria Blvd.
East Elmhurst, NY 11370
and
c/o Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N.Y. 10007